**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CONSUMERON, LLC, California limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 21-1147-GBW-MPT |
| v. | ) ) | **PUBLIC VERSION** |
| MAPLEBEAR INC. d/b/a INSTACART, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

<u>**LETTER TO THE HONORABLE MARY PAT THYNGE FROM PHILIP A. ROVNER**</u>

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Christina M. Finn
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh road
Menlo Park, CA  94025
(650) 752-1700

Dated:  September 12, 2022
Public version dated: September 19, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

September 12, 2022

<u>**BY E-MAIL**</u>

Chief Magistrate Judge Mary Pat Thynge                 **PUBLIC VERSION**
District Court of Delaware                                              September 19, 2022
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

    Re:    *Consumeron, LLC v. Maplebear, Inc. d/b/a Instacart*,
               <u>D. Del., C.A. No. 21-01147- GBW-MPT</u>

Dear Judge Thynge:

Instacart has violated two Court Orders and the Federal Rules of Civil Procedure by failing to participate in the discovery process.  Specifically, Instacart did not produce a single document on August 15th despite the Court's July 27, 2022 Discovery Teleconference Order ("Discovery Order") requiring Instacart to produce documents explaining the source code.  Instacart also violated the Default Standard for Discovery ("ESI Order") because it has not identified any ESI custodians or non-custodial data sources.  Finally, Instacart has violated the Federal Rules of Civil Procedure and the Court's Discovery Order because it did not identify any sales or marketing employees in its Initial Disclosures.

**I.     Instacart Should be Ordered to Produced Responsive Documents**

On July 27, 2022, the Court held a lengthy hearing regarding Instacart's failure to produce source code and documents.  During the hearing, the Court initially ordered Instacart to produce

its source code and documents on August 3, 2022. After Instacart insisted it needed more time to produce responsive documents, the Court provided Instacart with an additional 12 days to produce documents that described the source code.

On August 15, 2022, Instacart did not produce any documents. Instead, Instacart took the position that its previous document productions on March 7, 2022, May 10, 2022, and June 7, 2022, which consisted of only 64 documents, alleviated its obligation to comply with the Court's Order. Significantly, Instacart did not take that position at the July 27 hearing. Moreover, those documents did not contain any specifications, diagrams, or schematics that described the source code. There is no excuse for Instacart to ask the Court for additional time to produce documents and then fail to do so. *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 960-61 (Fed. Cir. 2018) (affirming district court's imposition of sanctions to punish defendant "for its wanton and repetitive disregard of [the] Court's orders and . . . its willful abuse of the discovery process"); *Cox v. UPS*, 753 F. App'x 103, 106 (3d Cir. 2018) (affirming discovery sanction because Cox failed to "obey repeated court orders and to provide requested discovery" without explanation).

Relatedly, Instacart has failed to produce any documents responsive to a number of Consumeron's Requests for Production, including Request for Production No. 9, which asks for Instacart's functional specifications, architecture diagrams, white papers, engineer Wiki pages, market requirement documents, and product requirement documents. Ex. 1, 2022-01-25 Consumeron's 1st Set of RFPs to Instacart (Nos. 1-21). Instacart's reasoning for failing to produce responsive documents is an entirely out of context and nonsensical objection regarding whether the technology at issue involved power usage or data transfer speeds between server hard drives. Instacart's position is unreasonable and sanctionable, as Consumeron has told Instacart multiple times that the asserted technology is not related to the manufacture of computer parts. It is well

The Honorable Mary Pat Thynge
Page 3

known that Instacart delivers groceries, it does not manufacture hard drives.  Instacart need only refer to Consumeron's infringement contentions detailing the accused functionality, which has nothing to do with the manufacture of hard drives.  Ex. 2, 2022-03-28 Consumeron's Initial Infringement Claim Charts, Appendix D, at 1-4.  Instacart has no justification for its continued obstruction of discovery.  Ex. 3, 2022-02-24 Instacart's Objs. & Resp. to Consumeron's 1st Set of RFPs (Nos. 1-21).  With depositions right around the corner, and the close of fact discovery just four months away, Instacart should be ordered to produce responsive technical documents immediately.  *Hoffman v. Palace Entm't*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming discovery sanctions because unnecessary discovery costs associated with Hoffman's failure to cooperate with discovery constituted prejudice).

## II.   Instacart Has Violated the Court's Default Standard for Discovery Requiring Instacart to Identify ESI Custodians and Non-Custodial Data Sources

In violation of the Court's ESI order, Instacart has failed to identify (1) "[t]he 10 custodians most likely to have discoverable information in their possession, custody or control," and (2) "[a] list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration."  ESI Order at ¶ 3(a)-(b).  Last Friday, Instacart informed Consumeron that it would identify ESI custodians on September 15, 2022, the same date as the hearing with the Court.  However, Instacart did not identify the number of custodians, the date or volume of any production, or identify any non-custodial data sources. Furthermore, Instacart has a history of making illusory promises -- it promised to produce documents that describe the source code (which never happened) and promised to make a substantial production on September 8, 2022, but only produced two documents that day.  Instacart should be ordered to comply with the ESI order immediately.

The Honorable Mary Pat Thynge
Page 4

### III. Instacart Has Repeatedly Ignored its Rule 26 Obligations to Identify Persons with Knowledge of Instacart's Sales or Marketing of Instacart's Platform and Service

The Court should compel Instacart to identify individuals with knowledge of Instacart's sales or marketing of its platform and service because Instacart's disclosures to date are severely deficient and are inhibiting Consumeron's ability to properly develop its case.

In January, Instacart agreed to supplement its Rule 26(a) Initial Disclosures to identify Instacart individuals with knowledge regarding "the sales, marketing, costs, and/or other financial information for Instacart's products and/or platforms." Nearly eight months later, and in the face of this Court's July 27 Order compelling it to do so, Instacart still has not supplemented its disclosures. *See* 7/27/22 Hearing Tr. re Discovery Teleconference at 21:7-12 ("I will also be ordering that counsel work together to figure out what other discovery that was covered in its initial request could be provided within [two weeks of the hearing]."), 23:4-11. Instacart has made no effort to supplement its disclosures, despite likely already knowing who these individuals are, as the Court acknowledged. *See* Discovery Order at 14:11-22 ("I would like to believe that . . . you would have had some idea of the individuals that you would likely talk to."). Consumeron requests that the Court compel Instacart to immediately supplement its Initial Disclosures with this undisputedly relevant information.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

Enclosures
PAR/mas/10334864
cc: All Counsel of Record – by CM/ECF

## <u>LIST OF HEARING PARTICIPANTS</u>

James Hannah – Kramer Levin Naftalis & Frankel LLP
Lisa Kobialka – Kramer Levin Naftalis & Frankel LLP
Christina Finn – Kramer Levin Naftalis & Frankel LLP

Philip Rovner – Potter Anderson & Corroon LLP