IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMERON, LLC, California limited liability company,<br><br>     Plaintiff,<br> v.<br><br>MAPLEBEAR INC. d/b/a INSTACART, a Delaware corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 21-1147-GBW-MPT<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF CONSUMERON, LLC'S RESPONSE TO D.I. 190 REGARDING CONSUMERON'S SEVENTH AMENDMENT RIGHT FOR A JURY TO HEAR FACTUAL QUESTIONS UNDERLYING THE 35 U.S.C. § 101 DETERMINATION**

Consumeron, LLC ("Consumeron") submits this opening brief in response to the Court's January 10, 2023 order regarding whether the parties have the right under the Seventh Amendment to have a jury resolve a factual question that underlies the legal question of patent validity under 35 U.S.C. § 101. As set forth below, the answer according to well-established precedence is yes – the parties do have a Seventh Amendment right to have a jury decide those questions.

**I. INTRODUCTION**

The Federal Circuit has held, based on long-standing Supreme Court precedent, that it is for a jury to decide whether an invention is well-known, conventional, or routine as part of the 35 U.S.C. §101 analysis because it is a question of fact. There is no reason to depart from that long-standing precedent here.

Section 101 patent eligibility depends on underlying issues of fact, similar to validity determinations made under §102 and § 103 which are routinely presented to a jury. Here, the Court has already determined that issues of fact at Step Two of the Section 101 inquiry

precluded resolution of Defendant's Section 101 defense at the pleading stage. As the Court found, Defendant failed to set forth clear and convincing evidence that the claimed Mobile Deployment Agent System ("MDAS") in combination with its server architecture, specialized use of GPS, and other structural and functional elements were not conventional, routine, or well-understood in 2009. D.I. 54 (Apr. 28, 2022 Hearing Transcript) ("Hearing Tr.") at 69-73. The factual question as to whether or not a person of skill in the art would have considered MDAS or the claims' combination of elements to be conventional, routine, or well-understood thus remains. The answer to that question requires an evaluation of the particular industry at issue and the knowledge held by those operating within it at the time of invention. Juries regularly evaluate these considerations when making determinations regarding a patent's validity, such as with obviousness, anticipation, enablement, and written description, in order to evaluate a patent based upon how a person of ordinary skill would have viewed a claimed invention in light of their knowledge, skill, and the state of the art.

Because such factual determinations requiring an analysis from the perspective of one of ordinary skill in the art remain in this case, the jury should resolve those Step Two factual issues prior to any final legal determination on patentability.

II. **THE SEVENTH AMENDMENT PROTECTS THE RIGHT TO A JURY TRIAL FOR FACTUAL ISSUES UNDERPINNING VALIDITY**

Since 1847, the Supreme Court has consistently found a jury properly determines factual issues pertaining to validity. The Supreme Court first addressed the issue in the context of factual questions relating to the written description invalidity defense. In *Wood v. Underhill,* the Supreme Court confirmed that factual determinations regarding the sufficiency of specification's description of the invention is "a question of fact to be determined by the jury." 46 U.S. 1, 4-5 (1847). The Supreme Court weighed in on presenting factual issues

regarding validity to a jury in the context of invalidity defenses implicating enablement and novelty in *Battin v. Taggert*. 58 U.S. 74, 85 (1854). The factual questions at issue there included 1) whether a person skilled in the art is enabled to make and construct the same invention as the inventor's upon reading its written description, and 2) whether the improvement or invention is sufficiently distinguished from other already known inventions. *Id.* at 82. The Court determined that the lower court had improperly taken from the jury factual determinations that were within the jury's province, namely "whether the specifications, including the claim, were so precise as to enable any person skilled in the structure of machines, to make the one described" and "the novelty of the invention." *Id.* at 85.

Near the end of the 19th Century, the Supreme Court affirmed a jury's determination that the patent at issue was obvious because it "disclosed no improvement which required invention, as distinguished from mere mechanical skill or judgement," *i.e.* the patent only disclosed well-known parts each performing well-known functions, and the "invention claimed had [already] been patented or described in previous publications." *Adams v. Bellaire Stamping Co.*, 141 U.S. 539, 541 (1891). In making its ruling, the Court noted that "all the important questions of fact in the case were properly submitted to the jury." *Id.* at 542.

In 1966, the Supreme Court again reached the same conclusion with respect to obviousness. *Graham v. John Deere Co.*, 383 U.S. 1 (1966). In *Graham*, the Court enumerated the particular factual inquiries to be addressed when engaging in the obviousness validity analysis. These inquiries include determining the scope and content of the prior art, the differences between the claimed invention and other prior art references, and what would be the level of ordinary skill in the relevant art. *Id.* at 17. Additionally, when objective indicia of non-obviousness are present, they must be considered as part of the obviousness

determination. *Id*. This inquiry involves a factual analysis and determination of any long-felt need in the industry, the skepticism and failure of others, unexpected results, copying by others, and commercial success. *Id*. at 17-18.

Following *Graham*, the Federal Circuit has held the jury is properly tasked with determining these factual inquiries regarding patent validity based upon how the claimed inventions compare with the prior art and how the claimed inventions would have been perceived by a skilled artisan at the time of invention. *R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1515 (Fed. Cir. 1984) (affirming the district court's denial of defendant's motion for a judgment notwithstanding the verdict and motion for new trial because the jury was properly given the issue of obviousness and determined the patents valid); *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1547 (Fed. Cir. 1983) (holding that "it is not error to submit the question of obviousness to the jury"). Moreover, when a patent owner, like Consumeron, makes a claim for patent infringement and seeks damages, the Federal Circuit has held that the Seventh Amendment protects the right for a jury to determine any factual issues relating to a patent's validity. *See Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 603 (Fed. Cir. 1985) ("The right to a jury trial on issues of patent validity that may arise in a suit for patent infringement is protected by the Seventh Amendment.") (citation omitted); *see also In re Lockwood*, 50 F.3d 966, 976 (Fed. Cir. 1995) (holding that Seventh Amendment applies where defendant asserts counterclaim for a declaration of invalidity in suit for damages). "Thus, where the issue of validity depends upon the resolution of a factual dispute, a jury is permitted to decide the issue. Once the underlying questions of fact are answered by the jury, the validity issue is resolved." *VS Techs., LLC v. Twitter, Inc*., No. 2:11cv43, 2012 WL

4

1481508, at *4 (E.D. Va. Apr. 27, 2012) (holding the jury properly considered and determined the issue of patent eligibility based on the evidence presented at trial).

### III. FACTUAL ISSUES AT STEP TWO OF THE PATENT ELIGIBILITY INQUIRY SHOULD BE SUBMITTED TO THE JURY

Patent eligibility under 35 U.S.C. § 101 is often based on underlying issues of fact, similar to most other validity defenses, and therefore is a question for the jury to decide. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367-70 (Fed. Cir. 2018). In *Berkheimer*, the Federal Circuit addressed this issue head on and determined that the patentability analysis hinges upon resolution of factual disputes regarding the "Step Two" inquiry as to whether a skilled artisan in the relevant field would have found the claim element or claimed combination to be "well-understood, routine, or conventional." *Id.* (vacating and remanding summary judgment of non-patentability under § 101 because whether the claims perform well-understood, routine, and conventional activities to a skilled artisan was a genuine issue of material fact). There, the Federal Circuit vacated and remanded a finding of summary judgment because the claim limitations were directed to an "arguably unconventional inventive concept described in the specification" which is similar to the Asserted Patents' description and unconventional use of the MDAS and GPS found in the claims here. *Id.* at 1370; Hearing Tr. at 71:22-72:17.

Similar to the factual inquiries the jury engages in for its obviousness analysis, *Berkheimer* necessitates that the jury determine the factual question of "[w]hether a particular technology is well-understood, routine, and conventional" in the Section 101 inquiry. *Berkheimer,* 881 F.3d. at 1369. This is because a jury must determine the views and knowledge of skilled artisans in the relevant field and how they compare to aspects of the invention to the prior art and known activities at the time of the invention. *Connell*, 722 F.2d at 1547 ("So long as the Seventh Amendment stands, the right to a jury trial should not be

rationed, nor should particular issues in particular types of cases be treated differently from similar issues in other types of cases."). Thus, the jury should determine genuine material factual issues of patentability.

In addition to the analytical similarities between a jury's obviousness determination and patentability determination, handling patentability determinations in a manner similar to obviousness and other validity determinations makes sense because patent eligibility is typically raised as an affirmative defense alongside other validity challenges that require resolution of underlying facts, such as obviousness. *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1330 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2510 (2016) (confirming that "§ 101 challenges constitute validity and patentability challenges" on equal footing with other invalidity challenges) (citations omitted). Even here, Defendant pled "patentability" as part of its "invalidity" affirmative defense. *See* D.I. 66 (Answer to Am. Compl.) at 35 ("First Affirmative Defense – Invalidity and/or Non-Patentability (All Counts)).

At the end of the January 9, 2023 claim construction hearing, Defendant indicated that it believes the Section 101 patentability issue can be resolved through summary judgment. D.I. 193 (Jan. 9, 2023 Hearing Tr.) at 113:17-114:21. However, based on the case record to date, it is unlikely that the Court will be able to resolve the outstanding Step Two factual issues at summary judgment. In its motion to dismiss, Defendant already failed to present clear and convincing evidence regarding Step Two. Hearing Tr. at 67:7-76:19; *see also*, *Berkheimer*, 881 F.3d at 1368 (finding that whether a claim element or combination of elements is well-understood, routine, and conventional is a fact "pertinent to the invalidity conclusion [and] must be proven by clear and convincing evidence") (citation omitted). As the Court noted, Defendant's attorney argument failed to overcome the evidence in the patent specifications and

6

the expert declaration in support of the Amended Complaint demonstrating the unconventionality of the claimed MDAS in combination with its server architecture, specialized use of GPS, and other structural and functional elements. Thus, any determination of patent ineligibility as a matter of law was precluded at the pleading stage. Hearing Tr. at 67:7-15. Because Defendant will only be able to point to its expert report at the summary judgment stage, Defendant will not have sufficient evidence to overcome Consumeron's rebuttal expert testimony, such that the Court will again be left with genuine material issues of fact, preventing determination at the case dispositive stage. *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F.Supp.3d 1021, 1040 (E.D. Tex. 2019) ("If the court finds that there is evidence which creates some uncertainty about whether the claims are 'well-understood, routine, and conventional,' the Court must deny summary judgment.") (citations omitted).

Thus, the Court should present the factual issues underpinning the Section 101 analysis to a jury for determination, as other courts in this district and throughout the country have done. For example, given the Court's acknowledgment of multiple factual disputes regarding Defendant's Section 101 defense, the Court should follow this district's example in *TRUSTID, Inc. v. Next Caller, Inc.*, which allowed the jury to determine the factual issues of whether the claim limitations, either alone or in combination, are more than routine, conventional, or well-understood activities. *See* Declaration of Christina M. Finn ("Finn Decl.") filed herewith, Ex. 1 (No. 18-cv-172 (MN), D.I. 297 at 7-8 (D. Del. July 16, 2021) (verdict form)). TRUSTID claimed to invent a solution to the pressing problem in the technological arts associated with spoofing or falsifying caller information, which gave rise to factual disputes of whether the patent claim elements use conventional hardware and software components in new, unconventional ways. *TRUSTID, Inc. v. Next Caller, Inc.*, No. 18-172-LPS, 2019 WL 917995

7

(D. Del. Feb. 25, 2019) (report and recommendation to deny Section 101 challenge because of factual issues at Step Two), *R. & R. adopted*, 2019 WL 1324948 (D. Del. Mar. 25, 2019) (adopting report and recommendation). Ultimately, the Court determined it was the jury who should determine these factual issues based on its analysis of the evidence at trial. Finn Decl., Ex. 2 (*TRUSTID*, No. 18-cv-00172, D.I. 295 at 26 (D. Del. July 16, 2021) (patent eligibility jury instruction)).

Similarly, in *Freshub v. Amazon*, the court allowed the jury to determine whether the claimed voice processing system consisted of elements, either individually or in combination, there were well known, routine, and conventional. *Id.*, Ex. 3 (*Freshub, Inc v. Amazon.com, Inc.*, No. 6:21-cv-00511-ADA, Dkt. No. 241 at 30 (W.D. Tex. June 21, 2021) (patent eligibility jury instruction)). There the patents claimed an inventive arrangement of computers and software to receive, digitize, transfer, and process a voice order in unconventional ways. *Id.*, Ex. 4 (*Freshub, Inc v. Amazon.com, Inc.*, No. 6:21-cv-00511-ADA, Dkt. No. 27 at 13-16 (W.D. Tex. Sep. 3, 2019) (Opposition to Motion to Dismiss)).

In *Innovation Scis., LLC v. Amazon.com, Inc.*, summary judgment was denied because there were factual disputes regarding whether the asserted patents were directed to patent eligible subject matter that the jury should answer. *Id.*, Ex. 5 (No. 4:18-cv-474, Dkt. No. 896 at 2 (E.D. Tex. Feb. 26, 2021) (Opinion and Order)). The technology there involved inventions relating to the use of an apparatus for information processing, item status monitoring, and facilitating electronic communications. *Id.*, Ex. 6 (*Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-cv-474, Dkt. No. 1 at 3 (E.D. Tex. July 5, 2018) (complaint)). At trial, the jury was instructed to determine whether the technology was well-understood, routine, and conventional and how to engage in that analysis. *Id.*, Ex. 7 (*Innovation Scis., LLC v. Amazon.com, Inc.*, No.

4:18-cv-474, Dkt. No. 845 at 22-23 (E.D. Tex. Sept. 2, 2020) (patent ineligibility jury instruction)).

Finally, in *PPS Data*, the court again sent the factual disputes of whether the claim limitations were well-understood, routine, and conventional at the time of patenting to the jury. 404 F.Supp.3d at 1045; Finn Decl., Ex. 8 (*PPS Data, LLC v. Jack Henry & Assocs., Inc*., No. 18-cv-00007, Dkt. No. 165 at 4 (E.D. Tex. Sept. 12, 2019) (verdict form)). The claims at issue in this case were "directed towards a technological architecture for electronic check deposit processing." *PPS Data*, 404 F.Supp.3d at 1027. At summary judgment, the Court determined that the intrinsic record contained sufficient statements of inventiveness to create a material factual dispute to which the court tasked the jury with determining. *Id.* at 1039-45; Finn Decl., Ex. 9 (*PPS Data, LLC v. Jack Henry & Assocs., Inc*., No. 18-cv-00007, Dkt. No. 158 at 15-16 (E.D. Tex. Sept. 8, 2019) (Preliminary Instructions)). These are just some of the many cases that sent factual issues underpinning the Section 101 analysis to a jury.[1] Thus, when the factual disputes preclude a finding of summary judgment, the Seventh Amendment requires that the jury decide the factual issues that are determinative of patent eligibility.

IV. **CONCLUSION**

Consumeron respectfully requests that the Court allow the jury to determine factual issues relating to patent eligibility in accordance with its rights under the Seventh Amendment.

---

[1] *See VS Techs.*, 2012 WL 1481508, at *3-5 (allowing the jury to determine the factual issue of whether the claims require use of a computer); *see also* Finn Decl., Ex. 10 (*Provisur Tech., Inc. v. Weber, Inc.*, No. 5:19-cv-06021, Dkt. 489 at 5 (W.D. Mo. Oct. 28, 2022) (presenting issues of patentability to the jury)); *id.*, Ex. 11 (*Maxell v. ZTE Corp.*, No. 5:16-cv-00179, Dkt. No. 228 at 7-8 (E.D. Tex. June 29, 2018) (presenting Step Two to the jury for determination)); *id.*, Ex. 12 (*EcoFactor, Inc. v. Google LLC,* No. 6-20-cv-00075-ADA, Dkt. No. 215 at 4 (W.D. Tex. Feb. 10, 2022) (same)); *id.*, Ex. 13 (*VideoShare, LLC v. Google LLC*, No. 6-19-CV-00663-ADA, Dkt. No. 217 at 3 (W.D. Tex. Nov. 16, 2021) (same)).

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Christina M. Finn<br>Sabah Khokhar<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh road<br>Menlo Park, CA  94025<br>(650) 752-1700 | By: */s/ Philip A. Rovner*<br>     Philip A. Rovner (#3215)<br>     Jonathan A. Choa (#5319)<br>     P.O. Box 951<br>     Wilmington, DE 19899<br>     (302) 984-6000<br>     provner@potteranderson.com<br>     jchoa@potteranderson.com<br><br>*Attorneys for Plaintiff* |

Dated:  February 10, 2023
10597893