IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMERON, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MAPLEBEAR INC. d/b/a INSTACART,<br><br>    Defendant. | Civil Action No. 21-1147-GBW-MPT |

## MEMORANDUM ORDER

Presently before this Court is Defendant MapleBear Inc. d/b/a Instacart's ("Instacart" or "Defendant") Motion to Stay Pending *Inter Partes* Review ("IPR") (the "Motion"), D.I. 232. The Court has reviewed the parties' briefing, D.I. 233, D.I 237, D.I. 242.[1] For the reasons below, the Court grants Defendant's Motion, D.I. 232.

### I. BACKGROUND[2]

On August 6, 2021, Plaintiff Consumeron, LLC, initiated this action by filing the Complaint, D.I. 1, alleging infringement of U.S. Patent No. 8,244,594 ("the '594 patent"); U.S. Patent No. 9,202,191 ("the '191 patent"); U.S. Patent No. 10,115,067 ("the '067 patent"); and U.S. Patent No. 10,628,835 ("the '835 patent") (collectively, the "Asserted Patents"). *See generally* D.I. 1. Plaintiff filed its First Amended Complaint on December 3, 2021. D.I. 29. The Asserted Patents are directed to "mobile delivery agent system[s] with real-time imaging

---

[1] The Court determined that oral argument was not necessary and thus denies Defendant's request for oral argument, D.I. 243.

[2] The Court writes for the benefit of the parties and assumes their familiarity with this action.

and rapid delivery capability ('MDAS')" that "interact with specialized components to efficiently acquire, using real-time imaging, and rapidly deliver goods that are requested by customer computers over the Internet." D.I. 29 ¶¶ 8, 14.

On May 26, 2022, Defendant filed its Answer to the Amended Complaint.[3] D.I. 66. On August 5, 2022, Defendant filed four petitions for *inter partes* review ("IPR") for all the asserted claims in this case. D.I. 124 at 4. On September 30, 2022, Defendant filed its first Motion to Stay Proceedings Pending IPR or, in the Alternative, to Modify the Case Schedule. D.I. 123. The first Motion to Stay was denied, in part because the IPRs had not been instituted; thus, a stay "at [that] point [would] not simplify issues for trial." D.I. 137 ¶ 21. On March 17, 2023, Defendant filed a Notice of Institution of IPR Proceedings on All Asserted Claims of All Patents-In-Suit ("Notice of Institution"), notifying this Court that the Patent Trial and Appeal Board ("PTAB") instituted IPR on all four Asserted Patents on March 3, 2023. D.I. 228.

Defendant filed the present Motion on March 23, 2023. D.I. 232.

## II.   LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete, and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021)

---

[3] This Court ordered a Stipulation to Extend Time for Defendant to answer, move or otherwise respond to the Complaint by May 26, 2022. D.I. 62.

(citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

### III. DISCUSSION

Defendant moves for a stay of this litigation pending resolution of four IPR proceedings that "encompass all of the currently asserted claims of all of the patents-in-suit." D.I. 233 at 4; *see also* D.I. 228 (Notice of Institution). The Court finds, on balance, the factors weigh in favor of a stay.

The first factor—whether granting the stay will simplify the issues for trial—strongly favors a stay. "The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). The PTAB has granted IPR proceedings with respect to every asserted claim in this case, and the results of the proceedings have a high likelihood of simplifying the issues for this Court. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (granting a stay where "PTAB granted review with respect to every asserted claim."). Should the PTAB find all claims invalid, the "litigations would be 'simplified' because it would be concluded." *Id.* (quoting *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013)). Even if PTAB found some, but not all, of the claims invalid, such a finding would still reduce the issues presented before this Court. *Id.* And should the PTAB affirm the patents' validity, the issues before this Court would still be simplified because Defendant will be statutorily estopped from asserting "that the claim[s are] invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2); *see also 454 Life Scis. Corp.*, 2016 WL 6594083, at *3.

3

Another way a stay could simplify the issues is to gain the benefit of additional prosecution history. *See 454 Life Scis. Corp.*, 2016 WL 6594083, at *3; *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1109-GMS, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014).

The second factor—the status of the litigation—slightly favors a stay. The parties have finished expert discovery and a trial date has already been set for October of this year. D.I. 37 ¶¶ 7(f), 22. However, this Court agrees with Defendant that the case is at an "efficient stopping point." D.I. 233 at 8-10; D.I. 242 at 6-7. Fact and expert discovery have been concluded, *see generally* D.I. 37, and this Court entered its Claim Construction Memorandum Opinion and Order on January 18, 2023. D.I. 200; D.I. 201. While this case is far along, "any weight given to this factor is outweighed by the likelihood that the issues for trial will be simplified by a stay." *Ethicon LLC v. Intuitive Surgical, Inc.*, No. C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) (granting a stay where fact discovery had concluded, and the case was at "an efficient stopping point.").

The third factor weighs slightly against a stay. In evaluating undue prejudice and whether a tactical advantage is gained, courts consider (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). This Court generally adopts the reasoning in the October 19, 2022 Order that addresses the first and fourth prongs of this factor. D.I. 137 ¶¶ 25-28. However, Plaintiff's initial concerns about Defendant gaining a tactical advantage in failing to produce documents and resisting discovery when filing its IPR petitions are moot, as discovery is closed. D.I. 137 ¶¶ 26-27. As to the second prong—the timing of the request for a

stay—the Court notes that Defendant filed this Motion on March 23, 2023, only three weeks after the IPRs were instituted on March 3, 2023. D.I. 232; D.I. 228. With respect to the third prong, the status of the review proceedings, the IPR proceedings are already underway and, while the case will be delayed, there is a significant likelihood that the IPRs would significantly impact this litigation in any event. Therefore, this Court finds that any prejudice at this point in the case is minimal.

Thus, on a balance all of the factors, Defendant's Motion is GRANTED.

## IV.   CONCLUSION

Therefore, at Wilmington this 12th day of May 2023, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay, D.I. 232, is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE